**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-340 HEA |
| | ) | |
| SHAUN GLENWOOD MACK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Shaun Glenwood Mack's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2), which is based on Amendment 821 to the Sentencing Guidelines. [Doc. No. 73]. Defendant's counsel filed a notice of her intent not to supplement Defendant's motion for a reduction of sentence. For the reasons stated below, Defendant's motion is denied.

***Discussion***

Defendant moves for relief under Parts A and B, Subpart 1 of Amendment 821 to the United States Sentencing Guidelines ("USSG"), which was made retroactive by the United States Sentencing Commission (the "Commission"). In his motion, Defendant contends that Amendment 821, Parts A and B, revised the criteria for determining "career offender" status. According to Defendant, under the

amended Guidelines, offenses involving controlled substances that do not involve violence or firearms are no longer considered "crimes of violence" or "controlled substance offenses" for purposes of career offender classification. And because he was classified as a career offender based on a prior conviction for possession with intent to distribute marijuana and conspiracy to distribute marijuana, his prior convictions no longer qualify as predicate offenses under Amendment 821 and, thus, he no longer qualifies as a career offender. Defendant is mistaken.

In Part A to Amendment 821, the Commission made changes to the "status points," which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. USSG § 1B1.10 cmt. 7. It did not change the criteria for a career offender. Part A to Amendment 821 does not impact the calculation of Defendant's criminal history category, which was calculated to be category VI, because Defendant received six criminal history points and was classified as a career offender under § 4B1.1(b)(3). (ECF No. 56 at 8). In short, Part A to Amendment 821 does not change defendant's criminal history category and has no impact on his sentence.

In Part B, Subpart 1 to Amendment 821, the Commission provided for a two-level reduction in the total offense level for defendants who had no criminal history points and whose offense did not involve certain criteria. USSG § 4C1.1(a)(1). Part B, Subpart 1 provides Defendant with no relief because he had a criminal history

score of six and was determined to be a career offender. (ECF No. 56 at 21). He is not a zero-point offender under USSG § 4C1.1. In sum, Defendant is not eligible for a sentence reduction under either Part A or Part B, Subpart 1 of Amendment 821.

The Court has conducted its review of Defendant's Motion to Reduce Sentence, as well as other relevant matters in the record. The Court concludes that Defendant is not entitled to a reduction in sentence. Defendant's Motion to Reduce Sentence is without merit and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**. [ECF No. 73]

Dated this 28th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE